UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BRIAN FORD** | **CIVIL ACTION NO. 16-1705-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Brian Ford ("Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff was incarcerated at the Bossier Maximum Security Center in Plain Dealing, Louisiana, when he filed this complaint. This complaint was received and filed in this court on December 8, 2016. He names the State of Louisiana, Richard Stalder, James L. LeBlanc, Vikki Best, Randy Rabb, and Sonya Riddick as defendants.

Plaintiff claims that on April 4, 2005, he was sentenced in state dockets # 124,901 and #129,169 to three years imprisonment at hard labor with all but two years suspended and three years supervised probation. He claims his sentences in #124,901 and #129,169 were ordered to run concurrently. Plaintiff claims he served one year before he was released on parole. He claims he violated his parole and probation and served another six months imprisonment in the DPCC. He claims he was then released on parole.

Plaintiff claims that on March 15, 2008, he was arrested and charged with a felony. He claims he violated his parole and probation. He claims he was convicted in docket #162,415 and sentenced to four years imprisonment at hard labor.

Plaintiff claims he completed his sentences in #124,901 and #129, 169 while serving his sentence in #162,415 because his probation and parole were revoked. Plaintiff claims he served prison time from 2008 to 2011. He claims he was then released on parole in #162,415. He claims that in August of 2012, he completed his parole requirement in #162, 415.

Plaintiff claims that on December 5, 2012, Agent Vikki Best illegally detained him for violation of his parole and probation in docket #129,169. He claims he was incarcerated for ten months in the DPSC. He claims that on October 29, 2013, he was revoked again in dockets #129,169 and #124,901. He claims Sonya Riddick did not correct his DOC time and he served his sentence again in dockets #129,169 and #124,901. He claims he was released on March 14, 2015 from these sentences.

Plaintiff claims that because he was falsely imprisoned, he endured loss of liberty, emotional distress, loss of enjoyment of life, loss of medical care, and loss of earning capacity.

Plaintiff seeks monetary compensation and damages for his false imprisonment, court costs, declaratory relief, and any other appropriate relief.

For the reasons discussed below, Plaintiff's claims have prescribed and should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983).

Plaintiff claims that his civil rights were violated by the Defendants when they falsely imprisoned him. Prescription began to run as to this claim on March 14, 2015, when he was released from incarceration. The above entitled and numbered complaint was not signed by Plaintiff until November 17, 2017 and filed into this court until December 8, 2017. Plaintiff's claims are, therefore, prescribed. See Wallace v. Kato, 549 U.S. 384, 389, 127 S.Ct. 1091, 1096, 166 L.Ed.2d 973 (2007); White v. Gusman, 347 F. App'x 66, 68 (5th Cir. 2009); Stephens v. Shimpf, 312 F. App'x 676, 677 (5th Cir. 2009).

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the court finds that Plaintiff's complaint lacks an arguable basis in fact and is frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 17th day of April, 2018.

Mark L. Hornsby
U.S. Magistrate Judge